**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 07 B 6568 |
| AJAYKUMAR R. JOSHI, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| EVAN M. AHTO, | ) | Adv. No. 07 A 995 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Pamela S. Hollis |
| v. | ) | |
| | ) | |
| AJAYKUMAR R. JOSHI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on Ajaykumar R. Joshi's Motion to Strike Paragraphs and Dismiss Count I of the Amended Complaint. In the underlying complaint, Plaintiff Evan M. Ahto seeks to have Joshi's debt declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B). By the instant motion, Joshi requests that the court dismiss count I or strike certain paragraphs. Having reviewed the amended complaint and the papers filed by the parties, the court denies the motion.

**BACKGROUND**

For Joshi to prevail on his motion to dismiss, it must appear from the complaint that he can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must take all well-pleaded facts alleged as true and

must construe the pleadings and all reasonable inferences in favor of the plaintiff. <u>Gorski v. Troy</u>, 929 F.2d 1183, 1186 (7th Cir. 1991).

According to count I of the amended complaint, Ahto met Joshi in November 2004. At that time, Joshi told Ahto that he intended to purchase an apartment complex in Hanover Park, Illinois named "Pebblewood Court," and to convert the apartments into condominiums. Joshi represented to Ahto that he had funds for the earnest money, but needed additional funds to consummate the purchase. Joshi solicited $60,000 from Ahto for the operations of a new company that would take title to Pebblewood Court, known as 1140 LaSalle Company, LLC. Joshi represented that he needed funds for the new company, and that the funds would be held pending the purchase of Pebblewood Court.

Based on these representations made by Joshi to Ahto, Ahto loaned $60,000 to Joshi, in exchange for which Joshi gave Ahto a promissory note. At the time the note came due, Joshi advised Ahto that he still expected to consummate the purchase of Pebblewood Court, and that Ahto would be repaid when the purchase was complete. Based on these assurances, Ahto agreed to defer enforcement of the note. In response to Ahto's subsequent written demand on the note, Joshi contacted Ahto and assured him that the purchase of Pebblewood Court was expected within a few weeks from that time. Joshi again advised Ahto that the loan would be repaid out of the closing proceeds, or if necessary, Joshi would obtain the funds from his foreign assets. Eventually, Ahto brought suit against Joshi and obtained a judgment against him on October 5, 2006.

On April 12, 2007, Joshi filed a petition for relief under Chapter 7 of the Bankruptcy Code. On October 16, 2007, Ahto filed this adversary complaint. Shortly thereafter, Joshi filed his first motion to dismiss. On December 20, 2007, Ahto was granted leave to file an amended count I, which he did. On February 8, 2008, Joshi filed the instant motion.

## LEGAL DISCUSSION

<u>Motion to Strike</u>

Pursuant to Fed. R. Civ. P. 12(f), made applicable here by Fed. R. Bankr. P. 7012, the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." In general, however, motions to strike are disfavored and sparingly used because they are a drastic remedy often sought by movants as a dilatory tactic. <u>Robinson v. Midlane Club, Inc.</u>, No. 94 C 1459, 1994 WL 577219, at *2 (N.D. Ill. Oct. 19, 1994). In order to prevail on his motion to strike, Joshi must show that the allegations in question are "so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration." <u>Id.</u>

In support of his motion to strike, Joshi argues that paragraphs 9, 10, 11 and 13 of the complaint should be stricken because they are "utterly unsupportable" and "diametrically opposite" to the allegations in the original complaint. He further argues that these paragraphs should be stricken because they are contrary to the allegations Ahto makes in paragraph 18 of count I and paragraph 25 of count II of the complaint.

If these allegations are truly unsupportable, then they are the basis for a motion under Fed. R. Bankr. P. 9011(b)(4), which provides that allegations must have evidentiary support. Joshi has not brought this motion under Rule 9011, and Rule 12(f) does not provide as a basis to strike that an allegation is unsupportable or opposite to allegations in an original complaint. Unless this complaint has created an issue under Rule 9011, Ahto is entitled to make his allegations, which provide notice to Joshi of the claims against him, and then both parties are entitled to discovery to develop the facts.

Contrary to paragraphs 9, 10, 11 and 13, paragraphs 18 and 25 allege that Joshi represented that he did not have the earnest money for the purchase of Pebblewood Court. Inconsistencies

3

among those paragraphs are not grounds for granting a motion to strike. "It is not uncommon for a plaintiff to have inconsistencies within the body of one complaint or between complaints." Whitehouse v. Piazza, 397 F.Supp.2d 935, 941 (N.D. Ill. 2005). Even if the paragraphs in question are contrary to other allegations in the complaint or contrary to allegations in the original complaint, this is not cause to grant a motion to strike under Rule 12(f). Indeed, it is entirely possible that inconsistencies in Ahto's allegations are the result of inconsistent representations made by Joshi. Whether these paragraphs are unsupportable and/or inconsistent with allegations in the original complaint or the amended complaint is a factual determination that is inappropriate for judicial determination at this time. Because he has asserted no proper basis for a motion to strike, the court denies Joshi's motion to strike paragraphs 9, 10, 11 and 13.

### Motion to Dismiss

Joshi argues that count I should be dismissed for three reasons. First, the factual allegations contained therein are inconsistent with the allegations in count II. Secondly, all of Ahto's allegations in count I relate to statements about Joshi's financial condition, but were not in writing, thus barring recovery under § 523(a)(2)(A). Finally, Ahto's allegations fail to state a claim upon which relief may be granted under § 523(a)(2)(A) based on false representations.

Pursuant to Fed. R. Civ. P. 8(a)(1), made applicable by Fed. R. Bankr. P. 7008, a claim for relief must contain "a short and plain statement" showing that the pleader is entitled to relief. In federal court, a plaintiff "need not plead facts." Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

The Supreme Court recently addressed the standard for a motion to dismiss, noting that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251

(7th Cir. 1994) (Once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")).

The question on a motion to dismiss is not whether a complaint alleges particular facts, but whether the complaint is detailed enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Svcs., Inc., 496 F.3d 773, 779 (7th Cir. 2007) (quoting Twombly, 127 S.Ct. at 1964); see also Hancock v. Litas (In re Litas), 2006 WL 1075416, at *1 (Bankr. N.D. Ill. Apr. 24, 2006) (Goldgar, J.).

Twombly did not eliminate the liberal federal notice pleading standard. Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). ("Two weeks later, the Court clarified that Twombly did not signal a switch to fact-pleading in the federal courts.") (citing Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)). Indeed, having reviewed Twombly and Erickson, the Seventh Circuit concluded that a motion to dismiss should only be granted if "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers, 499 F.3d at 667.

Joshi's first argument, that the complaint should be dismissed due to inconsistent allegations, must fail. To allow a dismissal because factual allegations have been changed in an amended complaint "would defeat the purpose of allowing a plaintiff to amend; frustrate Rule 12(b)(6)'s requirement that all factual allegations be accepted as true; and complicate Rule 8(a)'s requirement that the pleadings only have to provide fair notice of the basis for plaintiff's claims." Whitehouse, 397 F.Supp.2d at 941. Allowing inconsistent allegations to survive a motion to dismiss is not incompatible with finding that a complaint provides sufficient notice under Rule 8.

Next, Joshi argues that amended count I should be dismissed because all of Ahto's allegations relate to oral statements respecting Joshi's financial condition. Only written claims that

involve misrepresentations respecting a debtor's financial condition fall within the scope of §
523(a)(2)(A).

The complaint contains a number of allegations regarding oral statements made by Joshi.
For example, paragraph 11 alleges that "Joshi represented to Ahto that he needed funds to be
available for the use of his new company, which funds were to be held pending the purchase by that
company of the Pebblewood Court property." The standard for a motion to dismiss is whether the
court can hypothesize a set of facts consistent with those allegations that would entitle Ahto to relief
under § 523(a)(2)(A). See Twombly, 127 S.Ct. at 1969. Based on paragraph 11, as an example, it
is easy to hypothesize that these misrepresentations concerned the capital structure of the new
company or that the funds in fact would not be available for that new company. If so, these would
not be oral statements about Joshi's financial condition. As a result, the allegations in count I are
sufficient to suggest that Ahto may be entitled to relief under § 523(a)(2)(A).

Finally, Joshi argues that Ahto has not alleged the elements of a claim under § 523(a)(2)(A):
that Joshi made actual misrepresentations, knowing that they were false; that he made those
misrepresentations with the intention and purpose of deceiving Ahto; and that Ahto justifiably relied
on those misrepresentations. Joshi also argues that Ahto's allegation of justifiable reliance is
irrelevant because it does not relate to the alleged misrepresentations that are the basis for the
complaint.

These arguments incorrectly suggest that Ahto needs to demonstrate each element of §
523(a)(2)(A) in order to survive a motion to dismiss. Ahto's complaint, however, need not allege
all the facts involved in the claim. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); see also
Sanjuan, 40 F.3d at 251. Under federal notice pleading standards, "[m]atching facts against legal
elements comes later." Sanjuan, 40 F.3d at 251.

As for the relevance of Ahto's justifiable reliance, Ahto alleges in paragraph 13 that he turned over funds after Joshi made certain statements. Those statements were that Joshi had already made the earnest money deposit for Pebblewood Court, and that Ahto's funds would be held by a new company known as 1140 LaSalle Company, LLC.

Whether Ahto actually relied on those statements and whether such reliance was justifiable – indeed, whether those statements were even made – are factual issues inappropriate for determination at this time. Ahto's allegation that he justifiably relied on Joshi's representations in extending credit or in forbearing from collection is sufficient for purposes of federal notice pleading. Joshi has been put on notice of the claims against him. Ahto will now use discovery to determine the existence of facts that establish the elements of his claim for relief.

## CONCLUSION

For the reasons stated above, the motion to strike paragraphs and dismiss is denied.

ENTERED:

DATE:    **APR 1 7 2008**

PAMELA S. HOLLIS
United States Bankruptcy Judge